UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:24-CV-00197-CRS-RSE

SHALONDA CURRY                                                                                           PLAINTIFF

v.

TD BANK USA, N.A., *et al*                                                                       DEFENDANTS[1]

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on three motions: (1) Defendant TD Bank's motion to enforce an alleged settlement agreement, (2) plaintiff Shalonda Curry's motion for summary judgment and (3) plaintiff Shalonda Curry's motion for reconsideration of a ruling made by Magistrate Judge Regina Edwards. For the reasons set forth below, the Court will deny all three motions and order the parties to participate in a scheduling conference with the magistrate judge.

## BACKGROUND

Curry alleges that TD Bank violated her rights under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (the "FCRA"). More specifically, she contends that for four months, TD Bank falsely reported a $2,512.00 debt and falsely stated that this debt had been charged off. Complaint, DN 1-2, at ¶ 10. In truth, according to Curry, she had entered an Agreed Judgment under which TD Bank agreed to accept $1,320.00 in full satisfaction of the debt and to a payment plan. *Id.* at ¶ 13. Thus, given this agreement and because she paid as agreed, Curry alleges that TD Bank should have changed its reporting for the months of November 2023, December 2023, January 2024 and February 2024. *Id.* at ¶¶ 20, 22, and 28. Additionally, she alleges that TD Bank

---

[1] TD Bank USA, N.A. ("TD Bank") is one of four defendants who were named in this action. The other three defendants have been dismissed. For ease of reference, the Court has listed T.D. Bank in the caption of this case although a different defendant was originally the first-named defendant.

should have stated that the debt was paid in the payment history for the same four months, should have retracted its statement that the debt was past due, and should have retracted its statement that the debt was charged-off. *Id.* at ¶ 28.

These allegations and the FCRA claim were filed on Curry's behalf by attorney James H. Lawson in February 2024. *Id.* at PageID# 22.[2] On October 14, 2024, in an email to TD Bank's attorney, Lawson proposed a non-monetary settlement, consisting of a single condition. DN 38 at PageID# 162.[3] On November 5, 2024, TD Bank, by counsel, accepted Lawson's proposal and added two more standard terms. *Id.* On December 4, 2024, Lawson stated that Curry would settle on the condition that he had originally offered. *Id.* at 161. Counsel for TD Bank sent a draft settlement and release agreement on December 11, 2024. *Id.* at PageID# 160. Curry refused to sign the agreement: "I explicitly informed Mr. Lawson that I did not agree with the terms being discussed and refused to sign the proposed settlement agreement for that reason." Response by Curry, DN 31 at PageID# 131; *see also* DN 41-7, Curry Affidavit at ¶ 2 ("I did not agree to any settlement with TD Bank . . . .").

Months passed without any action in this case. On April 24, 2025, Attorney Lawson moved to withdraw, stating that he and Curry had "a conflict on how to proceed with the case that cannot be reconciled." DN 25, Motion for Leave to Withdraw, at PageID# 89. The Motion was granted. Order, DN 26. Since then, aside from a stipulation dismissing a different defendant, Curry has proceeded in this action *pro se*.

---

[2] Lawson filed in the Jefferson Circuit Court for Jefferson County, Kentucky. *Id.* Defendants removed the action to this Court on March 25, 2024. DN 1, Notice of Removal.
[3] This document has been filed under seal.

In the early days of June 2025, TD Bank moved to enforce the "settlement agreement." DNs 29 & 30.[4] In connection with its motion, TD Bank moved to seal one of its exhibits: a document consisting of counsels' email exchanges regarding settlement. Before the Court ruled on that requested relief, Curry filed her response to the bank's motion to enforce the settlement agreement (DN 40). She attached emails with settlement communications and the draft release agreement. She also filed a summary judgment motion and attached the same documents to that motion. DNs 41-1 (emails) and 41-2 (release agreement). TD Bank sought to seal all such filings, including its own submission of the settlement-communication emails. Magistrate Judge Edwards granted that relief. DN 48, 08/13/12025 Order. Believing that sealing a document prevents her from relying upon it, Curry has objected to that Order and asks for a reconsideration of it. DN 50, Motion for Reconsideration (". . . sealing prevents Plaintiff from fully defending against TD Bank's attempts to enforce nonbinding drafts."). TD Bank has opposed that motion and asks that the documents remained sealed, asserting that sealing a document does not prevent Curry's use or reliance on it. DN 54, Response. Nonetheless, while Curry recognizes that the documents have been presented to the Court under seal, she remains concerned that the Court will ignore at least one of those documents because she omitted it from one of her filings: "The November 5 email must be considered in order to resolve the settlement issue fairly." Reply, DN 55, at PageID# 362.

At the same time, Curry has moved for a summary judgment on the settlement dispute. In addition, she seeks a judgment on her FCRA claim and has added new allegations with respect to TD Bank's having filed a judgment lien on her home and she now states that her constitutional rights have been violated. Curry also seeks an accounting. She has attached several exhibits to her motion but does not develop any argument with respect to those exhibits. Those exhibits include

---

[4] It appears that the same motion was noted twice in the docket so as to correct its title on the docket. DN 29 and DN 30 are the same document.

witness statements as to Curry's emotional distress. Curry asks for a judgment in the amount of $5 million. TD Bank has opposed Curry's motion, primarily on the ground that no discovery has taken place, noting that Curry never served her initial disclosures and the bank's pending motion as to the settlement agreement would potentially dispose of Curry's case against the bank. Curry has not disputed the fact that no discovery has taken place.

## ANALYSIS

None of the motions or the parties' arguments require a lengthy analysis. First, TD Bank's Motion to Enforce Settlement cannot be granted at this time. The alleged settlement agreement was entered into in Kentucky. Under Kentucky law, "express client authority must be had to enter a settlement agreement . . . . Where no express authority to settle exists, a settlement cannot bind the client." *Jago v. Special Needs Home Health Care*, 190 S.W.3d 352, 353 (Ky. App. 2006) (citing *Clark v. Burden*, 917 S.W.2d 574 (Ky. 1996) and *Ford v. Beasley*, 148 S.W.3d 808 (Ky. App. 2004)). Even so, a court can still enforce a settlement agreement if TD Bank was "substantially and adversely affected by [its] reliance upon the purported settlement." *Clark*, 917 S.W.2d at 577.

Presently, the record in this case does not demonstrate that Curry gave her former attorney, Lawson, express authority to settle. To the contrary, Curry has declared that she never gave Lawson such authority and the bank has not proffered anything that contradicts this assertion. The Court finds that Lawson's email simply stating that the case can be settled is not sufficiently conclusive in light of Curry's conflicting declaration. Nor does the record include any showing that TD Bank was substantially and adversely affected by its reliance on the purported settlement. As a result, the Court will deny TD Bank's Motions to enforcement settlement (DNs 29 & 30) without prejudice to refiling.

Second, Curry's Motion for Reconsideration is wholly without merit. Sealing documents does not bar a party's access or reliance on that document to support or defend a case. Curry is simply mistaken here. The Court, as does Curry, has full access to the documents and both are able to read and evaluate them. Indeed, Curry has demonstrated as much by submitting them in support of her arguments. Nor is there any basis on which to strike the bank's filings with respect to this issue. For these reasons, Curry's Motion to Reconsider will be denied.

Finally, the Court will deny Curry's summary judgment motion (DN 41). The Court finds that the motion is premature and not properly supported. First, no discovery has taken place. *McKinely v. City of Mansfield*, 404 F.2d 418, 443 (6th Cir. 2005) (as matter of discretion, summary judgment motions may be held premature where "no discovery had occurred"); *Vance By and Through Hammons v. United States,* 90 F.3d 1145, 1149 (6th Cir. 1996) (reversing summary judgment because "no discovery was conducted before the motion for summary judgment was filed and decided"). Second, it appears to the Court that TD Bank held a good faith belief that it had settled the plaintiff's claims. Third, Curry's summary judgment motion is not properly supported as required by Federal Rule of Civil Procedure 56. The rule requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of *materials in the record* [.]" FED. R. CIV. P. 56(c)(1). A general reference to attached documents does not satisfy the Rule. Thus, Curry's motion must be denied. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (if the movant has not fully discharged its burden of production, motion for summary judgment must be denied).

## CONCLUSION

For the reasons set forth above, defendant TD Bank USA NA's Motions to enforce settlement **(DN 29** & **DN 30)** are **DENIED** without prejudice to refiling. Plaintiff Shalonda Curry's

Motion for Summary Judgment **(DN 41)** is **DENIED** without prejudice to refiling. Plaintiff Shalonda Curry's Motion for Reconsideration **(DN 50)** is **DENIED**.

Additionally, because no discovery has taken place as between the plaintiff and defendant TD Bank and because the plaintiff has not made initial disclosures, this matter requires a new scheduling order. This matter has been previously referred to the Honorable Regina S. Edwards, United States Magistrate Judge for, among other things, the entry of scheduling orders. Thus, the magistrate judge has been authorized and empowered to conduct all necessary scheduling conferences, hearings or other proceedings. Accordingly, for the purpose of setting a scheduling conference with the magistrate judge, **within thirty (30) days of the date on which this Order is entered in the docket of this case, the plaintiff and TD Bank's counsel shall jointly contact Case Manager Ashley Henry at ashley_henry@kywd.uscourts.gov.**

**IT IS SO ORDERED**.

February 23, 2026

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Counsel of Record